IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEUNTAE THOMAS, §<br>AKA DEUNTAE THOMAS ESTATE, §<br>      PLAINTIFF, §<br>§<br>V. §<br>§<br>RELIANT ENERGY, ET AL., §<br>      DEFENDANTS. § | CIVIL CASE NO. 3:24-CV-576-X-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On March 8, 2024, Plaintiff Deuntae Thomas filed a complaint against Reliant Energy, Deutsche Bank Trust Company, and Robert Peschler and Sebastian Hidalgo as trustees. Doc. 1 at 1. The complaint is inartfully pled, difficult to decipher and, to a large extent, nonsensical. It is also riddled with so-called "sovereign citizen" jargon.

Thomas asserts Reliant Energy is responsible for "willful trespass of Plaintiff's 42 U.S.C. § 1981 Equal Right to Discharge his Bills[.]" Doc. 1 at 1. He cites, with minimal elaboration, federal statutes (including criminal ones) and federal regulations that he alleges "Prohibit Reliant Energy from taking adverse actions during Billing Error Resolution." *Id.*; *see also* Doc. 1 at 2

(citing civil rights statutes and claiming racial basis).  Thomas seeks compensatory and punitive damages.  Doc. 1 at 2.

In the *Civil Cover Sheet*, Thomas checks the boxes indicating (1) federal question jurisdiction and (2) plaintiff is a citizen of this state and defendant is incorporated in another state.  Doc. 1 at 3.  He also checks the box "other civil rights" for the nature of suit and describes his cause of action as involving "harm by way of my unalienable 42 U.S.C. § 1981 right to discharge dollar for dollar . . . all of my bills." *Id.*  Thomas again lists some of the same civil and criminal statutes.

Upon review, the Court concludes that subject matter jurisdiction is lacking.  Thus, this action should be dismissed *sua sponte*.[1]

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff

---

[1] Because jurisdiction is lacking, the Court need not address the deficiencies in the complaint and motion for leave to proceed *in forma pauperis*.

properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Thomas has not alleged facts that establish federal question jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Thomas' complaint, however, contains no factual allegations that support federal question jurisdiction. As noted, the complaint relates to a billing dispute. And Thomas' fleeting mention of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and other federal laws is insufficient to invoke the Court's federal question jurisdiction. *See Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (adopting magistrate judge's dismissal recommendation because plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and was not "sufficient to support the exercise of federal question jurisdiction").

Moreover, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ."

*Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Thomas also references federal criminal statutes. Doc. 1 at 1-3. To the extent he intends to file a criminal complaint alleging criminal law violations, his request lacks any legal basis and thus cannot support a federal cause of action. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Thomas has pled nothing that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Further, Thomas proffers no facts to establish that Reliant is a citizen of a different state. Indeed, in the *Summons*, he lists Reliant's address in Houston, Texas. Doc. 1-1 at 1. And public records confirm Reliant is based in Houston. Thus, subject-matter jurisdiction on the basis of diversity is non-existent. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Finally, because the complaint does not present an adequate basis for federal question jurisdiction and Thomas cannot rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any possible state-law claims that he may be attempting to assert. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated above, the facts as alleged in Thomas' complaint demonstrate a lack of subject matter jurisdiction in this Court that is not curable by amendment. Thus, granting leave to amend would be futile and cause needless delay.

### IV. SANCTION WARNING

In 2021 and 2022, Thomas filed two other cases in this Court that were summarily dismissed for lack of jurisdiction and for failure to state a claim. *See Thomas v. United States Postal Serv.*, No. 3:22-CV-2144-L-BN, 2022 WL 16554995, at *1 (N.D. Tex. Oct. 5, 2022), *R. & R. adopted*, 2022 WL 16557617 (N.D. Tex. Oct. 31, 2022); *Thomas v. Creuzot*, No. 3:21-CV-02749-L (BT), 2022 WL 19001972, at *1 (N.D. Tex. Dec. 29, 2022), *R. & R. adopted*, 2023 WL 1433910 (N.D. Tex. Jan. 31, 2023).

Based on this filing history, Thomas should be warned that if he persists in filing frivolous or baseless cases, or cases that fail to state a claim or over which the Court lacks jurisdiction, the Court may impose monetary sanctions and also bar him from filing any new action. *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or

attorneys).  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period."  *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989).

## V. CONCLUSION

For all these reasons, Thomas' complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(h)(3).

In addition, Thomas should be **WARNED** that if he persists in filing frivolous or baseless action, or actions over which the Court lacks jurisdiction, the Court may impose monetary sanctions and bar him from filing any future lawsuits.  FED. R. CIV. P. 11(b)(2)&(c)(1).

**SO RECOMMENDED** on March 18, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).